```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**LAWRENCE E. SCIBLE,**

      **Petitioner,**

**v.**                       **Civil Action No.: 2:05-cv-0257**

**JIM RUBENSTIEN, Commissioner,**
**West Virginia Division of Corrections,**

      **Respondent**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley, filed June 27, 2005, and made pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Petitioner Lawrence E. Scible filed, on July 5, 2005, objections to the proposed findings and recommendation. The court has reviewed the record de novo.

On January 12, 2000, petitioner was convicted in the Circuit Court of Pendleton County, West Virginia, of possession with intent to deliver marijuana, delivery of marijuana, maintaining a house of ill fame, and making a false statement on the declaration of a deed. (PFR at 1.) On February 3, 2000,

1

petitioner was sentenced to a term of 12 to 30 years in prison. (Id.)

I.

On March 29, 2005, petitioner filed his "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Id.) The petition claimed in essence that the conditions of his confinement in the Huttonsville Correction Center constitute cruel and unusual punishment in violation of the Eighth Amendment.

Because the petition did not challenge the constitutionality of a conviction, but rather the conditions of confinement, the magistrate judge treated the petition as a complaint under 42 U.S.C. § 1983.[1] (Id. at 2-3.) After a thorough review of the claims in the petition and applicable law governing plaintiff's Eighth Amendment claim, the magistrate judge noted that the plaintiff has not shown a serious deprivation of a basic human need; that he has not alleged that he has been the victim of violence or suffered any other serious harm; and that he has not demonstrated that Commissioner

---

[1] The petition having been treated as a complaint, the magistrate judge subsequently referred to the petitioner as plaintiff.

2

Rubenstien has been deliberately indifferent to any serious deprivation of plaintiff's basic human needs.  (Id. at 7.)  Accordingly, the magistrate judge proposed that the court find that the plaintiff's complaint fails to state a claim upon which relief can be granted and recommended the complaint be dismissed pursuant to 28 U.S.C. § 1915. (Id. at 8.)

Plaintiff objects to the proposed findings and recommendation on a number of grounds.  He asserts that he has a viable claim under the Eighth Amendment inasmuch as the petition alleges specific facts that unsanitary and unhealthful conditions, coupled with overcrowding, do in fact subject him to serious risk and harm.  He contends that actual injury is not needed in stating a claim regarding prison overcrowding and unhealthy and unsanitary conditions under the Eighth Amendment; that he has demonstrated that Commissioner Rubenstein has been deliberately indifferent to serious deprivation of his needs; that the totality of the conditions theory supports his claim; and that the constitution affords him a right to be protected from harm.[2]

---

[2]Since filing his objection, plaintiff has written the court a number of letters.  By letter dated July 7, 2005, plaintiff informed the court that the prison cells were too hot and were like "sweat boxes."  Additionally, in a letter dated November 18, 2005, plaintiff further informed the court that he was living in

II.

The Eighth Amendment does not require that prisons be comfortable, only that they be humane.  Farmer v. Brennan, 511 U.S. 825, 830-31 (1994).  Consequently, a prima facie case that a jail is in violation of the Eighth Amendment prohibition against cruel and unusual punishment must demonstrate "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."  Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)).  Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992).  In order to demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler, 989 F.2d at 1381.

III.

Addressing plaintiff's Eighth Amendment claims, the

---

a small single cell with another prisoner and that there had been an "outbreak of scabies" at the prison but plaintiff does not claim that he was affected by this outbreak.

serious deprivation of a basic human need can be satisfied by demonstrating that a "totality of prison conditions combined to show an Eighth Amendment violation."  Williams, 952 F.2d at 824.  Under this "totality of conditions" test, different conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect.  Id.

Accepting the plaintiff's allegations as true, as the court must on a motion to dismiss, his allegations of outdated and broken bathroom facilities, cold water in the shower, unsanitary practices in the barber shop and overcrowding do not rise to the level of an Eighth Amendment claim.  Plaintiff's overcrowding claim appears to be the heart of his complaint.  This claim is based on the allegation that he is no longer housed in a single cell and must now share his cell, which was originally designed for only one occupant, with another prisoner.  This practice, known as "double-celling," is not per se unconstitutional, and provides little support for his claim.  See Hite v. Leeke, 567 F.2d 670, (4th Cir. 1977).

Even when plaintiff's allegations of overcrowding are combined with his claims based on unsanitary conditions, it does not rise to the level of an Eighth Amendment violation.  Courts

5

have found conditions similar to those allegedly endured by plaintiff to be insufficient to state a constitutional violation under the Eighth Amendment.  <u>Shrader v. White</u>, 761 F.2d 975 (4th Cir. 1985) (prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work were constitutionally insignificant); <u>Oliver v. Powell</u>, 250 F. Supp.2d 593, 604 (E.D.Va. 2002) (prisoner's allegations that cell contained roaches, leaky toilets, peeling paint and writing on the wall did not state a claim under the Eighth Amendment); <u>see</u> <u>also</u> <u>Lopez v. Robinson</u>, 914 F.2d 486, 492 (4th Cir. 1990) (no clearly established right to hot shower in prison).  A review of plaintiff's complaint reveals the conditions he allegedly endured amount to no more than the "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society."  <u>Strickler</u>, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993).

  Moreover, plaintiff's claims fail as he has not alleged a significant physical or emotional injury from the challenged conditions.  <u>See</u> <u>White v. Gregory</u>, 1 F.3d 267, 269 (4th Cir. 1993) (Eighth Amendment claim should be dismissed if it fails to suggest inmate suffered a serious physical or mental injury from

6

the condition). As the magistrate judge explained, it is insufficient for plaintiff to assert an injury on behalf of other inmates, and the court will not infer an injury to this plaintiff who has alleged little more than routine discomfort.[3]

Inasmuch as plaintiff's alleged deprivations were not, viewed objectively, sufficiently serious to state a claim under the Eighth Amendment, the court need not further address plaintiff's objections to the magistrate judge's proposed findings and recommendation.

## IV.

Having found no merit in plaintiff's objections to the magistrate judge's proposed findings and recommendation, the court adopts the proposed findings and recommendation in their entirety. Accordingly, it is ORDERED that plaintiff's claim be, and it hereby is, dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

[3]While a prisoner is entitled to "reasonable safety" under the Eighth Amendment, in order to make out an Eighth Amendment claim based upon the fear of assault from fellow inmates, which plaintiff appears to allege, a prisoner must show more than "simple anxiety"; he must show that his reasonable fear of assault "results in significant mental pain." Shrader v. White, 761 F.2d 975, 978-79 (4th Cir. 1985). In this case, plaintiff has not alleged any significant mental pain has resulted from a reasonable fear of assault.

**The Clerk is directed to forward copies of this written memorandum opinion and order to the pro se petitioner/plaintiff and to the United States Magistrate Judge.**

DATED: April 24, 2006

_____
John T. Copenhaver, Jr.
United States District Judge

8